2006 OK CIV APP 154

**THALES NAVIGATION, INC.,**
**a Delaware Corporation,**
**Plaintiff/Appellee,**

v.

**TULSA COUNTY, ex rel., Ken YAZEL,**
**Tulsa County Assessor,**
**Defendant/Appellant,**

and

**State of Oklahoma, Intervenor/Appellant.**

**No. 103,534.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Nov. 3, 2006.

Hal William Ezzell, Goolsby, Olson & Proctor, P.C., Norman, OK, for Plaintiff/Appellee.

Leisa S. Weintraub, General Counsel, Tulsa, OK, for Defendant/Appellant.

Scott D. Boughton, Assistant Attorney General, Oklahoma City, OK, for Intervenor/Appellant.

Opinion by CAROL M. HANSEN, Judge.

¶1 During calendar year 2003, Plaintiff, Thales Navigation, Inc., owned and operated a warehouse and distribution facility in Tulsa County. Pursuant to 68 O.S.2001 § 2835 and § 2838, Plaintiff was required to file, on or before March 15, 2004, for ad valorem tax purposes, a form listing all of its personal property located at its facility during calendar year 2003.

¶2 Okla. Const. Art 10 § 6A is referred to as the "freeport exemption," and provides that property subject to Interstate Commerce Commission tariffs traveling through the State of Oklahoma for less than ninety days is exempt from taxation. It also provides that goods held for assembly, storage, manufacturing, processing or fabricating purposes, located within the State of Oklahoma for less than nine months, are exempt from taxation.

¶3 Title 68 O.S.2001 § 2902.2 requires a taxpayer to file, on or before March 15 of the year in which the taxpayer desires to take the exemption provided in Okla. Const. Art. 10 § 6A, an application claiming an exemption of its personal property that had moved through the State in interstate commerce.

¶4 On April 28, 2004, Defendant, Tulsa County, ex rel. Ken Yazel, Tulsa County Assessor, mailed a Notice of Change in Assessed Value of Personal Property to Plaintiff, showing an increase of the market/use value of Plaintiff's personal property from $283,006 to $8,785,889. Defendant sent the notice because Plaintiff had not mailed to Defendant a Form 901 Business Personal Property Rendition for tax year 2004.

¶5 On May 28, 2004, Plaintiff mailed the Form 901 and Defendant received it on June 1, 2004. The form 901 included a completed Form 901F, Oklahoma Freeport Exemption Declaration Form, which calculated that $12,095,566 of Plaintiff's tax year 2004 inventory was exempt from Oklahoma ad valorem taxation based on Oklahoma's freeport exemption. Defendant did not exempt the property listed on Plaintiff's application from taxation because Plaintiff did not timely file the application, as mandated by § 2902.2.

¶6 On June 29, 2005, less than one year after it paid tax year 2004 ad valorem taxes, Plaintiff filed its Complaint of Erroneous Assessment and Petition for Correction with the Tulsa County Board of Tax Roll Corrections seeking a refund of tax year 2004 ad valorem taxes and penalties paid [$171,520.00] on personal property it claimed was exempt from taxation pursuant to Okla. Const. Art. 10 § 6A. The Board denied the complaint and petition for correction.

¶7 Pursuant to 68 O.S.2001 § 2871, Plaintiff filed an Appeal of Order of Tulsa County Board of Tax Roll Corrections in the Tulsa County District Court, arguing § 2902.2 is unconstitutional. The trial court granted

State of Oklahoma's motion to intervene "... for the limited purpose of defending the constitutionality of Title 68 O.S. § 2902.2...."

¶ 8 Plaintiff filed a motion for summary judgment alleging " ... there is no substantial controversy as to any material fact, and that $12,095,566 of Plaintiff's Tax Year inventory was exempt from Oklahoma ad valorem taxation in accordance with the provisions of Article 10 § 6A of the Oklahoma Constitution commonly known as the Freeport Exemption." [1] Plaintiff specifically argued the freeport exemption is a self-executing constitutional exemption, and that the Legislature cannot impair, limit or destroy rights created by self-executing constitutional exemptions nor impose any new or additional conditions as a prerequisite to the exemption or require a certain procedure to be followed in claiming an exemption that would nullify the exemption and validate an illegal tax. It requested Defendant's decision not to correct its 2004 assessment of its personal property be overturned and that the trial court enter an order decreeing that Defendant correct the assessment of Plaintiff's inventory and refund ad valorem taxes paid due to the assessment and levy on its exempt property.

¶ 9 Defendant also filed a motion for summary judgment pointing out the procedure and deadline established by the Legislature in § 2902.2 requiring the taxpayer to list its exempt personal property on a form and file the form by March 15 mirrors that set forth throughout the Ad Valorem Tax Code in relation to the listing of taxable personal property. It argued it needed to have both the list of taxable personal property and the list of exempt personal property filed on or before March 15 to give it " ... enough time to accurately list and assess all of the taxpayer's taxable property as required by law. It is not unreasonable or unconstitutional to require taxpayer who chooses to claim a Freeport exemption on some or all of their personal property to comply with filing requirements that are similar to those imposed throughout the Ad Valorem Tax Code regarding taxable personal property."

¶ 10 Intervenor also filed a motion for partial summary judgment stating its motion " ... is limited to the constitutionality of Title 68 O.S. § 2909.2." It conceded the freeport exemption is self-executing. Like Defendant, Intervenor argued it is not unreasonable nor unconstitutional to require taxpayers seeking the freeport exemption to comply with filing requirements.

¶ 11 The trial court denied Defendant's motion for summary judgment, denied Intervenor's motion for partial summary judgment, and granted Plaintiff's motion for summary judgment. In its Order Granting Summary Judgment, the trial court made numerous findings, including the following:

The Court further finds as follows:

11. Okla. Const. Art. 10 § 6(A) is a self-executing constitutional exemption.

12. The Oklahoma Legislature may not impose any filing procedure that would nullify that exemption.

13. Title 68 O.S. § 2902.2 is unconstitutional.

The trial court ordered Tulsa County Board of Tax Roll Corrections to correct Plaintiff's tax year 2004 Business Personal Property Assessment to show $12,095,566 in exempt property. It further ordered Tulsa County Treasurer to refund to Plaintiff the sum of $171,520.00 in ad valorem taxes and penalties paid on its constitutionally exempt property. Defendant and Intervenor appeal.

¶ 12 Both Defendant and Intervenor argue the trial court erred in ruling 68 O.S.2001 § 2902.2 is unconstitutional. In *Independent School Dist. No. 9 v. Glass*, 1982 OK 2, 639 P.2d 1233, a manufacturer erroneously paid a personal property tax on property exempt under the freeport exemption. There, the Supreme Court held the freeport exemption is a self-executing constitutional provision, operative without supplemental or enabling legislation. As such, the Legislature may not impair, limit or destroy rights created by constitutional exemptions from taxation nor impose any new or additional conditions as a prerequisite to the exemption granted by the Constitution.[2] The Supreme Court further

1. Plaintiff and Defendant stipulated that " ... if Taxpayer's appeal is sustained, then $12,095,566 of Thales' tax year 2004 inventory is exempt from Oklahoma Ad Valorem Taxation based on Oklahoma's Freeport Exemption from Ad Valorem Taxation."

2. In *Glass*, 68 O.S. § 2479 provided a taxpayer who has paid taxes erroneously may file for a

held that because the freeport exemption is self-executing, a tax assessed on property coming within such a provision is illegal and void.

¶ 13 Because the freeport exemption is a self-executing constitutional provision, the Legislature shall not impose any conditions as prerequisites to the constitutional exemption. In 68 O.S.2001 § 2902.2, the March 15 deadline is not such a prerequisite to the granting of the exemption. Because Plaintiff did not file its list by the March 15 deadline, it was delinquent, and it suffered a statutory penalty pursuant to 68 O.S.2001 § 2836 C.[3] However, even though Plaintiff filed past the deadline, it is still entitled to the exemption, but it must pay the penalty.

¶ 14 A party will be entitled to summary judgment as a matter of law when the record before the trial court presents no genuine issue of material fact. *Weldon v. Seminole Municipal Hospital*, 1985 OK 94, 709 P.2d 1058. Here, the trial court properly determined Plaintiff is entitled to a refund of the ad valorem taxes paid on its constitutionally exempt property. However, it did so based on its erroneous legal conclusion § 2902.2 is unconstitutional because the March 15 deadline nullified the freeport exemption. Section 2902.2 is not unconstitutional.

¶ 15 Therefore, that portion of Order Granting Summary Judgment ordering a refund of ad valorem taxes paid on constitutionally exempt property is AFFIRMED and that portion of the Order Granting Summary Judgment ordering a refund of the penalties paid on the property is REVERSED AND

REMANDED to the trial court for a proper determination of the correct penalty amount.

BELL, P.J., and JOPLIN, J., concur.

---

refund any time within one year of the payment of the tax. The Supreme Court reasoned "... the erroneous listing of exempt property by a taxpayer of exempt property does not render it taxable if the taxpayer takes timely remedial action to rectify the error. The taxpayer may lose his remedy by inaction, but failure to seek relief does not validate the assessment. A statute of limitations may be imposed on an action to recover the tax paid, but failure to prove the nature and use of the property before the assessment roll is formulated does not validate an unauthorized and illegal tax."

**3.** Section 2836 C provides:

After the county assessor shall have visited each city, town, or other place, he shall be in his office

at the county seat from March 1 to March 15, inclusive, for the purpose of receiving lists from those who have not listed their property for the current year, and all who fail to list all or any part of their personal property for the current year, on or before March 15, shall be delinquent. If any personal property is not listed by the person whose duty it is to list such property on or before March 15 of any year, when such property is assessed there shall be added to the assessed valuation of such property as a mandatory penalty, amounts as follows:

1. If listed or assessed after March 15, but on or before April 15, ten percent (10%) of the assessed value; and

2. If listed or assessed after April 15, twenty percent (20%) of the assessed value.

Plaintiff does not challenge this statute.